# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF MONTANA

# GREAT FALLS DIVISION

| | |
|---|---|
| RANJEET SINGH,<br><br>    Plaintiff,<br><br>vs.<br><br>BRIAN SCOTT; ROSE GEORGE; TAVIA HULME; BRAD THRALL; RASHMIRANJAN JYOTIPRAKASH; CBP AGENCY AT SWEETGRASS (POE), SWEETGRASS, MT, USA; PROSECUTION AGENCY, AUSA (US GOVERNMENT),<br><br>    Defendants. | Cause Nos. CV 08-00086-GF-SEH-RKS<br><br>FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE TO DISMISS COMPLAINT |

Plaintiff is a federal prisoner proceeding pro se in this civil rights action filed against employees of the United States Customs and Border Protection Agency and the Department of Homeland Security regarding Plaintiff's arrest on December 2, 2006. The Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331.

## I. STATEMENT OF THE CASE

### A. Parties

Plaintiff is a federal prisoner incarcerated at the Oakdale Federal Correctional Institution in Oakdale, Louisiana.

The named Defendants are: Brian Scott; Rose George; Tavia Hulme; Brad Thrall; Rashmiranjan Jyotiprakash; CBP Agency at Sweetgrass Port of Entry, Sweetgrass, Mt, USA; Prosecution Agency, AUSA (United States Government).

Plaintiff filed an Addendum to his Complaint on March 18, 2009 seeking to add Evangelo Arvanetes (Plaintiff's pre-trial defense counsel) as a Defendant.

### B. Background[1]

On December 2, 2006, Plaintiff arrived at the port of entry in Sweetgrass, Montana. He presented a resident alien card. The card showed his name and photograph along with Alien Registration No. A78 636 770. The admission code showed that Plaintiff was the spouse of a United States citizen. Plaintiff told inspectors his current address was in Paris, Texas, but he also said he was going to school in Europe and was traveling to Texas to see his family. Plaintiff's

---

[1] The background facts are taken from a review of proceedings in Plaintiff's criminal action Cause No. 4:07cr00005-SEH. A court may take judicial notice of court records. *See MGIC Indem. Co. v. Weisman,* 803 F.2d 500, 505 (9th Cir. 1986); *United States v. Wilson*, 631 F.2d 118, 119 (9th Cir. 1980). All information regarding Plaintiff's criminal case were accessed directly from the District Court using CM/ECF.

passenger, who purported to be Plaintiff's wife or girlfriend, said she was a citizen of Canada. Plaintiff and his passenger were referred to a secondary inspection.

In Plaintiff's vehicle, agents discovered a photocopy of the resident alien card, altered to show a different name and different country of birth. His laptop computer contained two scanned images of his resident alien card, one showing yet another name and a different photograph, IRS Form 1040s, and various letters, purporting to originate at certain English universities, directed to prospective students. Plaintiff said the documents were intended to allow foreign subjects to obtain immigration status in England. A check on Plaintiff's alien registration number showed that it belonged to someone named Rashmiranjan Jyotiprakask. (Criminal Complaint at pp. 1-2, Document 1 in Cause No. CR-07-00005-GF-SEH).

Plaintiff was arrested at the border and made an initial appearance on December 5, 2006. Assistant Federal Defender Evangelo Arvanetes was appointed to represent him. (Cause No. CR-07-00005-GF-SEH, Document 4–Order appointing Federal Public Defender).

On January 5, 2007, Plaintiff was indicted on one count of forging a resident alien card, a violation of 18 U.S.C. § 1546(a) (Count 1); one count of

aggravated identity theft, a violation of 18 U.S.C. §§ 1028A(a)(1) (Count 2); and one count of possessing a document-making implement with intent to produce false documents, a violation of 18 U.S.C. § 1028(a)(5) (Count 3). (Cause No. CR-07-00005-GF-SEH, Document 13–Indictment, pp. 2-3).

Trial commenced on June 19, 2007. Plaintiff was represented by Assistant Federal Defender David Ness. On June 20, 2007, the jury returned a verdict of guilty on all three counts. (Cause No. CR-07-00005-GF-SEH, Documents 73, 75–Minutes; Document 77–Verdict).

On October 17, 2007, Plaintiff was sentenced to serve fourteen months on Counts 1 and 3, concurrent, a consecutive 24-month term on Count 2, and a three-year term of supervised release. (Cause No. CR-07-00005-GF-SEH, Document 91–Minutes; Document 94–Judgment, pp. 2-3).

Plaintiff appealed. On September 29, 2008, the Ninth Circuit Court of Appeals affirmed, holding the search of Plaintiff's laptop computer was supported by reasonable suspicion and the evidence was sufficient to support the convictions on Counts 1 and 3. *United States v. Singh*, 295 Fed.Appx. 190 (9th Cir. Sept. 29, 2008) (unpublished mem. disp); (Cause No. CR-07-00005-GF-SEH, Document 111).

On February 9, 2009, Plaintiff filed a Motion to Vacate under 28 U.S.C. § 2255. That motion was denied May 20, 2009 finding Plaintiff's claims made no substantial showing that he was deprived of a constitutional right. (Cause No. CR-07-00005-GF-SEH, Document 136).

### C.  Plaintiff's Allegations

Plaintiff's Complaint seeks monetary damages against several Customs and Border Patrol Officers, the United States Attorney's Office, testifying witnesses, and his criminal defense attorney because he was convicted in federal court of forging a resident alien card, aggravated identity theft, and possession of a document-making implement with intent to produce false documents.

Count 1 alleges Defendants Brian Scott and Rose George, both Customs and Border Control Officers, racially profiled and illegally detained Plaintiff at the United States Border.

Count 2 alleges Plaintiff was prejudiced and racially profiled and these unlawful actions by Defendant Hulme resulted in extreme harm in Plaintiff's prosecution.

Count 3 alleges Defendant Brad Thrall, a Forensic Computer Examiner, provided misleading and false testimony at Plaintiff's criminal trial concerning

computer software and file formats in Plaintiff's computer hard-drive which was harmful to Plaintiff and supported the government to secure Plaintiff's conviction.

Count 4 alleges Defendant Rashmiranjan Jyotiprakash provided misleading and false testimony at Plaintiff's criminal trial concerning his sponsorship of Plaintiff for Plaintiff's permanent residence which was harmful to Plaintiff and supported the government to secure Plaintiff's conviction.

Count 5 alleges the United States Government acted in bad faith in securing his conviction and engaged in prosecutorial misconduct and racial profiling.

Count 6 alleges the Custom and Border Protection Agency is responsible for its employees and their actions.  He also alleges the Custom and Border Protection Agency did not secure the videotape on the border during the course of Plaintiff's arrest on December 2 and 3, 2006.

Count 7 alleges Plaintiff's pre-trial defense counsel (public defender) Evangelo Arvanetes's performance was so poor that it not only prejudiced Plaintiff but also assisted the Government to secure a conviction.

## II. PRESCREENING

### A. Standard

As Plaintiff is a prisoner proceeding in forma pauperis, his Complaint is

subject to screening under 28 U.S.C. § 1915 and 28 U.S.C. § 1915A.  Section 1915A reads in pertinent part as follows:

> The court shall review . . . as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity [and][o]n review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(a) and (b); *see also* 28 U.S.C. § 1915(e)(2)(B) ("Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . (B) the action or appeal-(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.").

Sections 1915A(b) and 1915(e)(2)(B) allow for the dismissal of a complaint before it is served upon the defendants if it is "frivolous" or "fails to state a claim upon which relief may be granted."  A complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325, 109 S.Ct. 1827, 1831-32, 104 L.Ed.2d 338 (1989).  A complaint fails to state a claim upon which relief may be granted if a plaintiff fails to allege the "grounds" of his

"entitlement to relief." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1964-65, 167 L.Ed.2d 929 (2007) (quotation omitted). This requirement demands "more than labels and conclusions, [or] a formulaic recitation of the elements of a cause of action." *Twombly*, 127 S.Ct. at 1964-65. A complaint must "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 127 S.Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007)(quoting *Bell*, 127 S.Ct. at 1964 (quoting *Conley v. Gibson*, 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957))).

Additionally, "[a] document filed *pro se* is 'to be liberally construed,' and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson*, 127 S.Ct. at 2200; *Cf*. Fed. Rule Civ. Proc. 8(f) ("All pleadings shall be so construed as to do substantial justice").

Although the statute requires a dismissal for the reasons stated, it does not deprive the district court of its discretion to grant or deny leave to amend. *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000). The court can decline to grant leave to amend if "it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez*, 203 F.3d at 1127 (quoting *Doe v. United*

*States*, 58 F.3d 494, 497 (9th Cir. 1995)). Leave to amend is liberally granted to pro se litigants unless it is "absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987) (citing *Broughton v. Cutter Labs.*, 622 F.2d 458, 460 (9th Cir. 1980)).

### B. Analysis

Plaintiff's claims are barred by the doctrine set forth in *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). In *Heck*, the United States Supreme Court held that,

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. But if the district court determines that the plaintiff's action, even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit.

*Heck*, 512 U.S. at 486-87 (footnotes omitted) (emphasis added).

Plaintiff was convicted of the charges arising from his arrest in December 2006.  He alleges he was detained illegally for a longer period of time than required by law and Defendants had no probable cause or reasonable suspicion of any wrong doing.  He contends the only reason for the continued detention was to find out additional information of Plaintiff's marital status.  He alleges the officers' stated intent was to delve deeper into Plaintiff's private life.

Plaintiff faults Defendants George and Scott for an alleged incorrect understanding of Plaintiff's immigration status.  He alleges they violated his privacy rights when they read the contents of letters between himself and his girlfriend.  Plaintiff alleges Officers Scott and George printed some documents from Plaintiff's computer hard drive and did not make any report or list of the printed documents.  Finally, Plaintiff contends Officers Scott and George provided false testimony at Plaintiff's criminal proceedings.

Similarly, Plaintiff alleges Officer Tavia Hulme failed to prepare a report on the documents found on Plaintiff's computer and in Plaintiff's car.

He also contends Agent Hulme, Brad Thrall, a Forensic Computer Examiner for ICE/DHS, and Rashmiranjan Jyotiprakash provided misleading and false testimony at Plaintiff's federal criminal proceedings.  He faults the United States

for presenting this "false" testimony, for wrongly presenting the indictment, and presenting false claims against him.  He also faults the Government for persuading the British government to revoke Plaintiff's student visa.  Additionally, he faults the Government for "racially profiling" Plaintiff when it tried to relate his conduct to terrorism.  Yet Plaintiff admits the Government conceded there was no terrorism nexus found in this case.

In his addendum, Plaintiff argues his pre-trial defense counsel's performance was so poor that it not only prejudiced Plaintiff but assisted the government in securing the conviction.

All of Plaintiff's arguments attack his conviction and a judgment on these facts in favor of Plaintiff would necessarily imply the invalidity of that conviction.

Plaintiff filed several motions to suppress with the trial court which were all denied.  He attempted to challenge his conviction by way of direct appeal and Motion to Vacate his Sentence under 28 U.S.C. § 2255.  On direct appeal the Ninth Circuit held,

> Singh's argument that the border officer needed reasonable suspicion to search his laptop computer is squarely foreclosed by *United States v. Arnold*, 533 F.3d 1003 (9th Cir. 2008).  There, we held that searches of the defendant's computer hard drive at the border, like searches of other property, did not require reasonable suspicion under the Fourth Amendment.  *Arnold* aside, the government had reasonable

>   suspicion to search Singh's computer. The search of his vehicle, which he does not appeal, yielded materials that caused the border officers to suspect that Singh might be involved in on-going fraud relating to immigration documents facilitated by his use of the computer.

*U.S. v. Singh*, 295 Fed. Appx. 190 (9th Cir. 2008).  Plaintiff has had several opportunities to reverse the findings of his conviction.  He has not done so.  Any favorable rulings from this Court on the issues raised by Plaintiff would necessarily imply the invalidity of his conviction.  Plaintiff's conviction has not been reversed, declared invalid, expunged, or called into question.  Thus, he has failed to state a claim upon which relief may be granted.  This is not a defect which could be cured by amendment.  Therefore, Plaintiff's claims should be dismissed without prejudice pursuant to the Heck doctrine.[2]

## III.  CERTIFICATION REGARDING APPEAL

>   The Federal Rules of Appellate Procedure provide as follows:
>
>   [A] party who was permitted to proceed in forma pauperis in the district-court action, or who was determined to be financially unable to obtain an adequate defense in a criminal case, may proceed on appeal in forma pauperis without further authorization, unless:
>   (A) the district court-before or after the notice of appeal is filed-certifies that the appeal is not taken in good faith or finds that

---

[2]The dismissal is required to be without prejudice so Plaintiff may reassert his claims if he ever succeeds in invalidating his conviction.  *Trimble v. City of Santa Rosa*, 49 F.2d 583, 585 (9th Cir. 1995).

>   the party is not otherwise entitled to proceed in forma pauperis and
>   states in writing its reasons for the certification or finding;

Fed. R.App.P. 24(a)(3)(A).

Analogously, 28 U.S.C. § 1915(a)(3) provides "[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith."  The good faith standard is an objective one.  *See Coppedge v. United States*, 369 U.S. 438, 445 (1962).  A plaintiff satisfies the "good faith" requirement if he or she seeks review of any issue that is "not frivolous."  *Gardner v. Pogue*, 558 F.2d 548, 551 (9th Cir. 1977) (quoting *Coppedge*, 369 U.S. at 445).  For purposes of section 1915, an appeal is frivolous if it lacks any arguable basis in law or fact.  *Neitzke*, 490 U.S. at 325, 327; *Franklin v. Murphy*, 745 F.2d 1221, 1225 (9th Cir. 1984).  "[T]o determine that an appeal is in good faith, a court need only find that a reasonable person could suppose that the appeal has some merit."  *Walker v. O'Brien*, 216 F.3d 626, 631 (9th Cir. 2000).

The record makes plain that Plaintiff's Complaint is frivolous as it lacks arguable substance in law or fact.  The *Heck* bar in this case is so clear no reasonable person could suppose an appeal would have merit.  Therefore, the Court should certify that any appeal of this matter would not be taken in good faith.

## IV.  ADDRESS CHANGES

At all times during the pendency of these actions, Plaintiff SHALL IMMEDIATELY ADVISE the Court of any change of address and its effective date.  Such notice shall be captioned "NOTICE OF CHANGE OF ADDRESS." The notice shall contain only information pertaining to the change of address and its effective date, except if Plaintiff has been released from custody, the notice should so indicate.  The notice shall not include any motions for any other relief. Failure to file a NOTICE OF CHANGE OF ADDRESS may result in the dismissal of the action for failure to prosecute pursuant to [Fed.R.Civ.P. 41(b)](Fed.R.Civ.P. 41(b)).

Based upon the foregoing, the Court issues the following:

### RECOMMENDATIONS

1.  Plaintiff's Complaint (Document 2) should be **DISMISSED WITHOUT PREJUDICE.**

2.  The Clerk of Court should be directed to have the docket reflect that the Court certifies pursuant to Rule 24(a)(3)(A) of the Federal Rules of Appellate Procedure that any appeal of this decision would not be taken in good faith. Plaintiff's claims are so frivolous that no reasonable person could suppose an appeal would have merit.

# NOTICE OF RIGHT TO OBJECT TO
# FINDINGS & RECOMMENDATIONS AND
# CONSEQUENCES OF FAILURE TO OBJECT

Pursuant to 28 U.S.C. § 636(b)(1), Plaintiff may serve and file written objections to these Findings and Recommendations within ten (10) business days of the date entered as indicated on the Notice of Electronic Filing.  Thereafter, a district judge will make a de novo determination of those portions of the Findings and Recommendations to which objection is made.  The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations.  Failure to timely file written objections may bar a de novo determination by the district judge.

DATED this 17th day of June, 2009.

                                           */s/ Keith Strong*
                                           Keith Strong
                                           United States Magistrate Judge